McCORRISTON MILLER MUKAI MacKINNON LLP

| | |
|---|---|
| WILLIAM C. McCORRISTON | # 995-0 |
| KENNETH J. MANSFIELD | #7227-0 |
| JORDON J. KIMURA | #9182-0 |

Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawai`i  96813
Telephone:  (808) 529-7300
Facsimile:   (808) 524-8293
E-mail:      mccorriston@m4law.com
             mansfield@m4law.com

Attorneys for Plaintiffs
McCORRISTON MILLER MUKAI MacKINNON LLP
and WILLIAM C. McCORRISTON

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 05 2010

at 3 o'clock and 40 min. P.M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| McCORRISTON MILLER MUKAI MacKINNON LLP, a Hawai`i limited liability partnership; and WILLIAM C. McCORRISTON,<br><br>          Plaintiffs,<br><br>vs.<br><br>BFI CAPITAL, LLC, a Delaware limited liability company; D.B. ZWIRN REAL ESTATE CREDIT PARTNERS L.L.C., a Delaware limited liability company; LAWRENCE I. LINKSMAN; LANCE GOTTHOFFER; REED SMITH LLP, a Delaware limited law partnership,<br><br>          Defendants. | CIVIL NO. CV10 00009 JMS LEK<br>(Declaratory Judgment; Other Civil Action)<br><br>COMPLAINT; EXHIBITS "1" – "4"; SUMMONS |

218982.5

## COMPLAINT

Plaintiffs McCORRISTON MILLER MUKAI MacKINNON LLP and WILLIAM C. McCORRISTON (collectively, "Plaintiffs"), by and through their attorneys, McCorriston Miller Mukai MacKinnon LLP, and for its Complaint against the above-named defendants, hereby allege and aver as follows:

### I.   THE PARTIES

1. Plaintiff, McCorriston Miller Mukai MacKinnon LLP ("M4") is a limited liability partnership organized and existing under and by virtue of the laws of the State of Hawai`i, with its principal place of business in Honolulu, Hawai`i.

2. Plaintiff, William C. McCorriston ("McCorriston") is a resident of the County of Honolulu, State of Hawai`i. McCorriston is a practicing attorney in the State of Hawai`i and a name partner with M4.

3. Defendant, BFI Capital, LLC ("BFI") is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in White Plains, New York. BFI is both a real estate mortgage broker and lender. Based upon information and belief, none of the members of BFI are citizens of the State of Hawai`i.

4. Based upon information and belief, Defendant, D.B. Zwirn Real Estate Credit Partners, L.L.C., formerly known as Highbridge/Zwirn Real Estate Partners, LLC ("D.B.") is a limited liability company organized and existing under

and by virtue of the laws of the State of Delaware, with its principal place of business in New York, New York. Based upon information and belief, none of the members of D.B. are citizens of the State of Hawai`i.

5. Defendant Lawrence I. Linksman ("Linksman") is the President of BFI. Based upon information and belief, Linksman is a resident of Westchester County, State of New York.

6. Defendant Lance Gotthoffer ("Gotthoffer") is a partner with the New York office of Reed Smith LLP. Based upon information and belief, Gotthoffer is a resident of New York County, State of New York.

7. Gotthoffer is currently representing BFI in PMP II, LLC, et al. v. DB Zwirn Real Estate Credit Partners, LLC, et al.; Civil No. 08-00583 DAE/KSC, currently ongoing in the United States District Court, District of Hawai`i, and is drawing revenues in the State of Hawai`i through this representation of BFI.

8. Based upon information and belief, Defendant Reed Smith LLP ("Reed Smith") is a limited liability partnership organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in Pittsburgh, Pennsylvania. Based upon information and belief, none of the members of Reed Smith are citizens of the State of Hawai`i. As alleged herein, "Defendants" shall mean all named defendants.

## II. JURISDICTION AND VENUE

9. Diversity jurisdiction is asserted over the parties and claims contained in this Complaint pursuant to 28 U.S.C. section 1332(a)(1).

10. The amount in controversy with respect to the claims pled in the Complaint exceeds $75,000.00, exclusive of interests and costs.

11. Declaratory relief is authorized by 28 U.S.C. sections 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

12. Venue is proper in the United States District Court for the District of Hawai`i because a substantial part of the events or omissions giving rise to the claim occurred in Honolulu, Hawai`i pursuant to 28 U.S.C. section 1391(a).

## III. FACTUAL BACKGROUND

13. In or about February 2006, M4 represented non-party PMP II, LLC ("PMP") in connection with pre-development bridge financing for PMP's proposed cemetery project in Hawai`i Kai, Hawai`i ("Project").

14. To finance the Project, PMP sought to borrow a loan in the original aggregate principal amount of Eighteen Million Five Hundred Thousand Dollars ($18,500,000.00) from BFI ("PMP Loan").

15. Prior to February 2006, Linksman, as an agent of BFI, visited Hawai`i to, inter alia, conduct due diligence on the site for the Project.

4

16. While in Hawai`i, Linksman represented to McCorriston that Linksman's companies had made loans in Hawai`i before, Linksman's companies had retained Hawai`i counsel to represent BFI with respect to such loans, and that BFI would retain Hawai`i counsel for the PMP Loan transaction.

17. In or about December 2005, Maureen Muranaka, Esq., attorney for BFI ("Muranaka") who is licensed as an attorney in Hawai`i, represented that she was Hawai`i counsel for BFI in the PMP Loan transaction. See Ex. "1" attached hereto.

18. BFI's lead counsel on the PMP Loan transaction were Ellen Walker and Lee Forlenza of New York-based Granoff, Walker & Forlenza, PC ("Granoff Firm").

19. Prior to closing the PMP Loan to PMP, BFI required that PMP provide BFI with a third party legal opinion on certain limited Hawai`i law matters as a condition precedent to closing the PMP Loan.

20. BFI provided Miller with a form to use for the third party legal opinion ("Form"). See Ex. "2" attached hereto.

21. The Form did not include any provisions on the requirements of what is required to conduct business in the State of Hawai`i. See Ex. "2" attached hereto.

22.     To satisfy BFI's request, on February 9, 2006, Clifford J. Miller, Esq., a partner with M4 ("Miller"), provided a limited third party legal opinion letter to BFI ("PMP Loan Opinion Letter"). See Ex. "3" attached hereto.

23.     The content of the PMP Loan Opinion Letter was based upon at least two prior third party legal opinion letters that previously had been negotiated and approved by an affiliated company of BFI owned and/or controlled by Linksman for at least two preceding loan transactions ("Prior Lender Approved Letters").

24.     The same lawyers (Muranaka and the Granoff Firm) who represented BFI with respect to the PMP Loan represented its affiliated company at least with respect to such two preceding loan transactions.

25.     Paragraph K of the PMP Loan Opinion Letter expressly states that "[M4] express[es] no opinion as to any federal, state, or local securities, tax or environmental laws, rules or regulations." See Ex. "3" at 9, ¶ K.

26.     Paragraph L of the PMP Loan Opinion Letter expressly states that "[M4] express[es] no opinion as to the effect of non-compliance by the Holder with any state or federal laws or regulations applicable to the transactions contemplated by the Loan Documents because of the nature of the Holder's business." See Ex. "3" at 9, ¶ L.

27.     Paragraph M of the PMP Loan Opinion Letter expressly states that the "Opining Jurisdiction" is Hawai`i and "[n]one of the opinions . . . shall in any way

be deemed to constitute and/or imply the giving by" M4 of an opinion on the laws of any other jurisdiction. See Ex. "3" at 10, ¶ M.

28. The Prior Lender-Approved Letter included Paragraphs K, L, and M of the PMP Loan Opinion Letter in their entirety and as accepted by BFI's affiliated companies at least in the two preceding loan transactions. Prior to providing the PMP Loan Opinion Letter, BFI had the on-going opportunity to review the Paragraphs, comment on them, and negotiate their content.

29. Following the satisfaction of all conditions to the making of the PMP Loan, including, the issuance of the PMP Loan Opinion Letter, BFI closed the PMP Loan to PMP.

30. The PMP Loan was evidenced by two promissory notes, each dated February 9, 2006, made by PMP in favor of BFI in the original principal amounts of $16,650,000.00 and $1,850,000.00 respectively.

31. BFI is alleging in other litigation that in or about July 2008, PMP defaulted on the PMP Loan.

32. Subsequently, on December 14, 2009, Gotthoffer and Reed Smith, at the direction of BFI and D.B., filed a complaint in the Supreme Court of the State of New York, alleging, inter alia, that by providing the PMP Loan Opinion Letter, M4 undertook a limited legal representation of BFI ("New York Action"). See Ex. "4" (Complaint), attached hereto. In this New York Action, BFI alleges claims

7

against Plaintiffs for Breach of Fiduciary Duty, Professional Malpractice/Negligence, Fraud, and Tortious Interference with Contract. Id.

33. M4 has not and did not represent BFI at any time or in any capacity, whatsoever, did not enter into any attorney-client relationship with BFI at any time, and has never had an attorney-client relationship with BFI.

## COUNT I
(Declaratory Judgment)

34. Plaintiffs re-allege and hereby incorporates by reference paragraphs 1 through 33, inclusive, as though fully set forth herein.

35. As a result of the above-described events and circumstances, there is an actual and continuing controversy regarding whether an attorney-client relationship existed between Plaintiffs and BFI.

36. A declaratory judgment will terminate the controversy that Defendants have created with respect to whether an attorney-client relationship existed between Plaintiffs and BFI.

37. Plaintiffs pray for a declaration that no attorney-client relationship existed between Plaintiff and BFI.

## COUNT II
(Intentional and Negligent Misrepresentation)

38. Plaintiffs re-allege and hereby incorporate by reference paragraphs 1 through 37, inclusive, as though fully set forth herein.

39. Prior to the making of the Loan and while in Hawai`i, Linksman intentionally, purposefully, and knowingly misrepresented to M4 and McCorriston that BFI would have Hawai`i counsel representing and advising it in Hawai`i as to Hawai`i law and the PMP Loan.

40. Based on the allegations contained in the complaint in the New York Action, wherein BFI and D.B. allege that M4 and McCorriston undertook a limited representation of BFI by way of the PMP Loan Opinion Letter, it is apparent that the foregoing representation by Linksman was false.

41. At the time they made his representation, Linksman knew that this representation was false.

42. Linksman made his false representations that BFI would have Hawai`i counsel representing and advising it in Hawai`i in order to induce Plaintiffs to issue the PMP Loan Opinion Letter to his benefit and that of BFI at the detriment of Plaintiffs.

43. Plaintiffs reasonably and detrimentally relied upon the foregoing representation.

44. At the time Linksman made the foregoing representation, Plaintiffs had no knowledge of, nor could have had knowledge of, the falsity of the representation and therefore issued the PMP Loan Opinion Letter.

45. As a direct and proximate result of Linksman's fraudulent acts and misrepresentations, Plaintiffs sustained damages in an amount to be shown at trial.

## COUNT III
(Abuse of Process)

46. Plaintiffs re-allege and hereby incorporate by reference paragraphs 1 through 45, inclusive, as though fully set forth herein.

47. In the New York Action, at the direction of BFI and D.B., Gotthoffer and Reed Smith allege, among other things, that M4 undertook a limited legal representation of BFI.

48. Gotthoffer and Reed Smith's allegation is false because M4 did not undertake any representation of BFI.

49. BFI relied exclusively on its own Hawai`i counsel and did not rely on Plaintiffs. Plaintiffs and BFI never entered into an attorney-client relationship.

50. Based on information and belief, BFI, D.B., Gotthoffer, and Reed Smith knew or should have known that the foregoing allegation is false.

51. Despite knowing and admitting by way of the complaint in the New York Action that BFI relied on its own Hawai`i counsel, BFI, D.B., Gotthoffer, and Reed Smith filed the complaint in the New York Action with the ulterior purpose of harassing M4 and McCorriston into paying damages and legal fees, as well as forcing McCorriston to withdraw from representation of PMP in other litigation.

52. As a direct and proximate result of BFI, D.B., Gotthoffer, and Reed Smith's actions, Plaintiffs have incurred and will incur costs and expenses, and have suffered and will suffer direct, indirect, consequential, general and special damages.

53. BFI, D.B., Gotthoffer, and Reed Smith's actions described herein were and are willful, wanton, malicious, intentional, and/or otherwise characterized by aggravating circumstances sufficient to warrant the imposition of punitive damages, the amount of which should be determined at trial.

## COUNT IV
(Tortious Interference with Contractual Relations)

54. Plaintiffs re-allege and hereby incorporate by reference paragraphs 1 through 53, inclusive, as though fully set forth herein.

55. At all relevant times, M4 and McCorriston had a valid contract with PMP to provide PMP with legal services and were actively providing PMP with legal services.

56. BFI, D.B., Linksman, Gotthoffer, and Reed Smith were aware or should have been aware of said contract.

57. BFI, D.B., Linksman, Gotthoffer, and Reed Smith had and continue to maintain a purposeful intent to interfere with said contract.

58. BFI, D.B., Linksman, Gotthoffer, and Reed Smith's purposeful intent is evidenced by a concerted effort to disqualify M4 and McCorriston from continued representation of PMP by way of the New York Action.

59. There is no justification on the part of BFI, D.B., Linksman, Gotthoffer, and Reed Smith for their tortious interference.

60. As a direct and proximate result of BFI's, D.B.'s, Linksman's, Gotthoffer's, and Reed Smith's tortious interference, Plaintiffs sustained damages in an amount to be shown at trial.

## COUNT V
(Equitable Estoppel)

61. Plaintiffs re-allege and hereby incorporate by reference paragraphs 1 through 60, inclusive, as though fully set forth herein.

62. By his conduct, statements, and omissions, Linksman willfully misled Plaintiffs into believing that BFI would have local counsel in Hawai`i with respect to the PMP Loan transaction.

63. Plaintiffs reasonably relied to their detriment that BFI would have local counsel in Hawai`i with respect to the PMP Loan transaction.

64. As a result thereof, BFI should be estopped from asserting that M4 undertook a limited legal representation of BFI in the New York Action.

## PRAYER FOR RELIEF

WHEREOF, Plaintiffs McCORRISTON MILLER MUKAI MacKINNON LLP and WILLIAM C. McCORRISTON respectfully pray that this Honorable Court adjudge, declare, and find against Defendants BFI CAPITAL, LLC, D.B. ZWIRN REAL ESTATE CREDIT PARTNERS L.L.C., LAWRENCE I. LINKSMAN, LANCE GOTTHOFFER, and REED SMITH LLP, the following:

A.  Declaratory relief that no attorney-client relationship arose between Plaintiffs and Defendants from M4's February 9, 2006 letter to BFI;

B.  Equitable estoppel precluding BFI from asserting that M4 undertook a limited legal representation of BFI in the New York Action;

C.  Judgment in favor of Plaintiffs and against Defendants on all claims;

D.  That general, special, and punitive damages be awarded in Plaintiffs' favor and against the Defendants;

E.  That prejudgment interest, costs, and reasonable attorneys' fees be awarded in Plaintiffs' favor and against the Defendants;

F.  That attorneys' fees and costs for the prosecution of this action be awarded to Plaintiffs; and

G.  That Plaintiffs be awarded all such other legal or equitable relief as this Court deems just, fair, and reasonable.

DATED: Honolulu, Hawai`i, January 5, 2010.

_____
WILLIAM C. McCORRISTON
KENNETH J. MANSFIELD
JORDON J. KIMURA

Attorneys for Plaintiffs
McCORRISTON MILLER MUKAI
MacKINNON LLP and WILLIAM C.
McCORRISTON