_____
_____
_____
_____

January____, 2006

BFI Capital, LLC
50 Main Street, Suite 1000
White Plains, New York 10606
Attention: Lawrence I. Linksman

Re: BFI Capital, LLC with Paradise Memorial Park II, LLC - Loan in the amount of up to $18,500,000.00 dated January____, 2006 (the "Loan")

Dear Mr. Linksman:

      We have acted as counsel for Paradise Memorial Park II, LLC, a Delaware limited liability company (the "Borrower"); to PRM Realty Group, LLC, an Illinois limited liability company; Bagel Pipe, LLC, a Hawaii limited liability company; and RCCI Management, LLC (the "LLC Guarantors") and Peter R. Morris, Robert W. Harte, John Henry Felix and Michael John Maroney (the "Individual Guarantors", together with the LLC Guarantors, collectively referred to as the "Guarantors", in connection with a loan made by BFI Capital, LLC, a Delaware limited liability company ("Holder"), to Borrower in the principal amount of up to $18,500,000.00 (the "Loan"). For purposes of rendering our opinion set forth herein, we have reviewed originals or copies of the following documents which pertain directly to the Loan (collectively, the "Loan Documents"):

    1.    Loan Application/Commitment dated September 8, 2005;

    2.    Loan Agreement dated January____, 2006 executed by Borrower in favor of Holder (the "Loan Agreement");

    3.    Two (2) Promissory Notes dated January____, 2006, executed by Borrower and payable to the order of Holder in the principal amounts of up to $16,650,000.00 and $1,850,000.00 (collectively, the "Notes");

    4.    Mortgage, Security Agreement and Financing Statement dated January____, 2006, executed by the Borrower in favor of Holder for the premises located in Honolulu County, State of Hawaii (the "Mortgage");

    5.    Assignment of Leases and Rents for the premises referred to in Paragraph 3 herein dated January____, 2006, executed by the Borrower in favor of Holder (the "Assignment");

EXHIBIT "2"

BFI Capital, LLC
January____, 2006
Page 2

6. Security Agreements executed by Borrower and the LLC Guarantors;

7. Financing statements for Borrower and the LLC Guarantors, as debtors, in favor of Holder, as secured party (the "Financing Statements");

8. Environmental Indemnification Agreement dated January____, 2006, executed by Borrower and the Guarantors, jointly and severally, in favor of Holder (the "Indemnity");

9. Limited Guaranty of Payment dated January____, 2006, executed by the Guarantors in favor of Holder (the "Guaranty");

10. Member's Certificates of Borrower and LLC Guarantors;

11. Undertaking and Errors and Omissions Form;

12. Estoppel Certificate;

13. Commitment Fee Letter;

14. Mortgagor's Affidavit of Title;

15. Fire Insurance Correction Affidavit;

16. Disbursement Sheet.

For purposes of rendering our opinion set forth herein, we have also examined originals or copies of the following documents relating to Borrower (collectively, the "Authority Documents"):

The Articles of Organization, Operating Agreements and related organizational documents for Borrower and LLC Guarantors.

In addition to the Loan Documents and the Authority Documents, we have reviewed originals or copies of the following documents relating to the premises referred to in Paragraph 3 (the "Property") (collectively, the "Project Documents"):

Title Guaranty of Hawaii, Inc., Title No. _____.

Based upon our examination of the Loan Documents, the Authority Documents and the Project Documents, subject to the qualifications herein set forth, we are of the opinion that:

a. Borrower is a validly formed limited liability company and is duly existing under the laws of the State of Delaware, is qualified to do business and own and operate its properties under the laws of the

BFI Capital, LLC
January____, 2006
Page 3

        State of Delaware, and is in good standing under the laws of the State of Delaware.

b. LLC Guarantors are validly formed limited liability companies and are duly existing under the laws of the State of Illinois, Delaware and Hawaii respectively, are qualified to do business and own and operate their property under the laws of the States of Illinois, Delaware and Hawaii respectively, and are in good standing under the laws of the States of Illinois, Delaware and Hawaii respectively.

c. Borrower and the Guarantors have all requisite power and authority to execute and deliver the Loan Documents to which they are parties and to carry out the transactions contemplated thereby and the covenants and agreements contained therein.

d. The individuals executing the Loan Documents on behalf of Borrower and the LLC Guarantors have been duly authorized and empowered to do so.

e. The Individual Guarantors are of legal age and are not under any legal disability or duress.

f. Guarantors have all requisite power and authority to execute and deliver the Guaranty and to carry out the transactions contemplated thereby and the covenants and agreements contained therein. The execution and delivery of the Loan Documents will not violate the Articles of Organization and Operating Agreement and to the best of our knowledge, based on representations of the Borrower, any order of any court or any other agency of government or any indenture, agreement or other instrument to which the Borrower or any member of Borrower is a party or by which it or any of its property is bound, or be in conflict with, result in breach of, or constitute a default under any such indenture, agreement or other instrument, or result in the creation or imposition of any lien, charge or encumbrance of any nature whatsoever upon any of the property or assets of Borrower other than the security interest contemplated by the Loan Documents.

g. There is no provision in any of the Authority Documents and there is no provision or term of any mortgage, indenture, lease, agreement license, permit, judgment, decree, order, statute, ordinance, rule or regulation to which Borrower or Guarantors are subject or bound that would impair the power of Borrower or Guarantors to enter into and carry out the undertakings required under the Loan Documents to which they are respectively a party.

h. All of the Loan Documents have been duly executed and delivered to

BFI Capital, LLC
January____, 2006
Page 4

        Holder by Borrower or Guarantors under our supervision at our law offices, and no consents, permissions or authorizations are required from any other parties in connection with the execution and delivery of the Loan Documents.

i. Each of the Loan Documents (except the Guaranty) is a legal valid and binding instrument, enforceable against Borrower in accordance with its terms. The Guaranty is a legal, valid and binding instrument, enforceable against Guarantors in accordance with its terms.

j. The Loan, as made pursuant to the terms of the Loan Documents, complies with, or is exempt from, applicable state or federal laws, regulations and other requirements pertaining to usury.

k. The Notes are secured by and entitled to the benefits and security of the Mortgage and the other Loan Documents. The Loan Agreement, Notes, Mortgage and Assignment of Leases and Rents contain customary and enforceable provisions such as to render the rights and remedies of Holder adequate for the realization against the Property of the benefits of the security, including realization by judicial or non-judicial foreclosure.

l. Upon proper filing and recording of the Financing Statements relating to Borrower and the LLC Guarantors, Holder shall have good, valid and perfected senior security interests in the collateral described in the Security Agreements.

m. In connection with our representation of Borrower and Guarantors, nothing came to our attention that would lead us to believe that the Property does not comply with all laws, ordinances, rules, regulations, covenants and restrictions affecting the occupancy, use and operation thereof.

n. The Property and its use comply with all applicable zoning ordinances.

o. To the best of our knowledge, all permits and approvals that are required for the use and occupancy of the Property have been duly and validly issued by the governmental authorities or persons having jurisdiction or rights with respect thereto, are in full force and effect, and are not subject to any appeal, any applicable period for appealing such actions having expired.

p. We have not been made aware of any violations of environmental or conservation laws, ordinances, rules or regulation at the Property and none are known to exist.

BFI Capital, LLC
January_____, 2006
Page 5

    q.    There are no outstanding judgments against Borrower and the Guarantors or any directly related affiliates of Borrower nor are there any judicial actions pending or, to the best of our knowledge, threatened against Borrower or Guarantors or any directly related affiliates of Borrower.

    r.    Holder has the authority to make the Loan evidenced by the Notes without qualifying to do business in the State of Hawaii, without obtaining any mortgage lending or brokerage license or and without subjecting itself to taxation in the State of Hawaii.

The opinions expressed in this letter are made subject to and are qualified by the following:

1. Our opinion herein is limited solely to the laws of the States of Hawaii and New York and federal law, and we express no opinion as to the laws of any other jurisdiction.

2. We have assumed the due execution by Holder of the Loan Documents to which it is a party.

3. We are assuming the Mortgage and Assignment of Leases and Rents will be duly recorded in the real property records of the County of Honolulu, State of Hawaii. We are also assuming that one of the Financing Statement will be duly recorded in the real property records of the County of Honolulu, State of Hawaii, and that the other Financing Statements will be duly recorded with the Secretary of State's Office, State of Hawaii, and that Holder will timely file all necessary continuation statements.

4. With respect to the opinion set forth in subparagraph (i) above:

    (1)    The enforceability of the Loan Documents shall be subject to applicable bankruptcy, insolvency, reorganization, moratorium and similar laws of general application affecting the rights and remedies of secured creditors, but which limitations will not materially interfere with the practical realization of the benefits to Holder of the transactions contemplated in the Loan Documents; and

    (2)    The enforceability of the Loan Documents shall be subject to limitations imposed under applicable law on the availability and extent of equitable remedies and relief;

BFI Capital, LLC
January____, 2006
Page 6

5. The enforceability of the Loan Documents shall be subject to limitations imposed under applicable law on the availability of ex parte remedies and other self-help or non-judicial relief.

The opinions expressed in this letter are given solely for the benefit of Holder, its successors and assigns (including any purchaser or participant of the Loan) and Granoff, Walker & Forlenza, P.C. in connection with the transaction referred to herein. The opinions expressed in this letter may not be relied upon, in whole or in part, by Holder, its successors or assigns or Granoff, Walker & Forlenza, P.C. for any other purpose or relied upon by any other person, firm or corporation for any purpose, without our prior written consent. The opinions expressed in this letter are rendered as of the date hereof and we express no opinion as to circumstances or events that may occur subsequent to such date.

Very truly yours,

_____

By:_____